# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff*,

vs.

JOAL WILLIAM GOODWIN,

      *Defendant.*

Case No. 10-10083-EFM

## MEMORANDUM AND ORDER

On November 24, 2010, Defendant Joal William Goodwin pled guilty, pursuant to a plea agreement, to bank robbery.[1] Because of prior crimes, Goodwin was classified as a career offender, but sentenced to the low end of his guideline range; a sentence of 151 months. Defendant has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 26). For the following reasons, the motion is denied.

### I. Legal Standard

28 U.S.C. § 2255(b) provides that a prisoner is entitled to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." An

---

[1] Doc. 18.

evidentiary hearing is necessary "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] An evidentiary hearing is unnecessary when the factual allegations are contradicted by the record, are inherently incredible, or when they are conclusions rather than statements of fact.[3]

## II. Analysis

1. Appellate Waiver

The government argues that defendant's motion should be dismissed because the defendant waived the right to pursue any collateral attack on his prosecution, conviction, or sentence in his plea agreement.

In determining whether a plea agreement is enforceable, the court employs the analysis set forth in *United States v. Hahn*.[4] That analysis requires a determination of whether (1) the disputed appeal falls within the scope of the waiver of appellate rights, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver would result in a miscarriage of justice.[5]

The court finds that the three requirements of *Hahn* are met here. The defendant's claims fall within the scope of the collateral review waiver. In addition, the court finds that the defendant knowingly and voluntarily waived his collateral review rights. The language of the plea agreement states that the defendant "knowingly and voluntarily waives any right to appeal or collaterally attack

---

[2] 28 U.S.C. § 2255(b); *see also United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

[3] *See United States v. Dormer*, 2011 WL 830536, at *1 (D. Kan. Mar. 2, 2011) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995))).

[4] 359 F.3d 1315, 1325–28 (10th Cir.2004).

[5] *Id.*

any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release."[6] The defendant also acknowledged during the Rule 11 colloquy that he understood that he was waiving his right to appeal. Finally, the enforcement of the waiver will not result in a miscarriage of justice. Enforcement of an appellate waiver results in a miscarriage of justice when "(1) the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful ."[7] None of these situations are present here. Thus, the court finds that the government motion's to enforce the collateral review waiver must be granted, and defendant's present motion is denied.

2.  Ineffective Assistance of Counsel

Even if Defendant did not have a valid plea waiver, his claims would still fail on the merits. Defendant argues that he received ineffective assistance of counsel based on three grounds: (1) that counsel allegedly did not go over the guidelines with him and his prior convictions should not have been used to establish him as a career offender; (2) counsel allegedly rushed through the PSR and did not tell him enough about his criminal history; and (3) counsel allegedly reported and showed a career offender record to the US Attorney.

To establish ineffective assistance of counsel, a defendant must show two things: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.[8]

---

[6] Doc. 18, p. 6-7.

[7] *Hahn*, 359 F.3d at 1327 (citations omitted).

[8]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With respect to the first element, a defendant has a heavy burden in proving that his counsel's performance was deficient, and there is a strong presumption that counsel provided adequate assistance.[9] "To be deficient, the performance must be outside the wide range of professionally competent assistance."[10] Furthermore, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[11] As to the second element of prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12]

Defendant's claim of ineffective assistance of counsel are based on his allegations that his attorney provided information to the US Attorney's Office and that the attorney did not explain the plea agreement, the PSR, or the guidelines to him. He provides no other information to the Court other than these conclusory allegations. In addition, Defendant's allegations are contradicted by the record.

Defendant pled guilty pursuant to a plea agreement. Paragraph 15 provides that "[t]he defendant has had sufficient time to discuss the case, the evidence, and this agreement with [his] attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion."

---

[9] *Byrd v. Workman*, --- F.3d ---, 2011 WL 2084204, at *6 (10th Cir. 2011) (citations omitted).

[10] *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (internal quotations and citations omitted).

[11] *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

[12] *Strickland*, 466 U.S. at 694.

Paragraph 5(e) states "[i]n the event the defendant is identified as a Career Offender with a sentence calculation as outlined under U.S.S.G. § 4B1.I, the defendant will be allowed to seek a variance from the court without invalidating the other provisions of this agreement." Defendant signed this agreement.

At the plea colloquy, Defendant was sworn in. "Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[13]

The Court questioned Defendant during the plea colloquy whether his counsel adequately explained the charges that Defendant was facing and whether Defendant had sufficient time to discuss the case with his attorney to which Defendant answered "yes." Defendant also indicated that he was satisfied with his attorney's handling of the case.

The Court asked Defendant whether he had reviewed the plea agreement with his attorney and whether he understood what promises or agreements were being made to Defendant in the plea agreement. Defendant answered yes. Defense counsel and the court also repeatedly discussed the possibility that Defendant could be identified as a career offender.

On February 10, 2011, Defendant appeared at his sentencing. He stated that he had reviewed the presentence investigation report with his attorney, and he had no objections to the report. The Court then sentenced the defendant at the bottom end of the guidelines - 151 months. Defendant does not meet his heavy burden in showing that he should not have been classified as a career offender. As detailed in Probation's sworn attachment to the government's response, Probation

---

[13]*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

received and reviewed documents from the Defendant's prior convictions, which included burglary in the second degree in Tulsa County, Oklahoma and criminal threat in Neosho County, Kansas.[14] Those two felony convictions are crimes of violence as defined in U.S.S.G. § 4B1.2. Further, the Defendant's bank robbery conviction in the present case is also a crime of violence, and he was 18 years or older at the time of commission. Accordingly, Probation recommended and this court agreed that Defendant is a career offender, as defined in U.S.S.G. § 4B1.1. As such, Defendant's claims of ineffective assistance of counsel regarding his career offender status must be denied.

Additionally, nothing in the record supports Defendant's conclusory allegation that counsel rushed through the PSR and did not go over it with him. Rather, defense counsel submitted a Sentencing Memorandum prior to sentencing, indicating that defense counsel took ample time to review and assess the PSR.

Defendant does not meet his heavy burden in showing that his counsel was deficient. Defendant, under oath, stated during his plea colloquy that his attorney explained the plea agreement to him and stated that he was satisfied with his attorney's representation. This is contrary to Defendant's recently asserted conclusory allegations that his attorney's performance was deficient.

Furthermore, even if Defendant could establish deficiencies with his counsel's performance, Defendant cannot demonstrate any prejudice and therefore cannot establish the second prong of *Strickland*. As stated above, the Court questioned Defendant thoroughly during the plea colloquy. As such, Defendant does not show that his counsel's alleged erroneous advice affected his decision to plead guilty. Accordingly, Defendant cannot demonstrate ineffective assistance of counsel.

---

[14] Doc. 27-1.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[15]  To make this showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[16]  For the reasons stated above, Defendant has not made a substantial showing of the denial of a constitutional right.  As such, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 26 ) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[16] *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).