# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 10-CR-10083-EFM

JOAL WILLIAM GOODWIN,

*Defendant.*

## MEMORANDUM AND ORDER

Petitioner Joal William Goodwin has filed a "Motion for Relief under 28 U.S.C. § 2255 Petitioning to Reopen Original § 2255" (Doc. 50). In this motion, he asserts that this Court should re-open and hear his original § 2255 motion. The Court dismisses Petitioner's motion because it lacks jurisdiction.

### I.  Factual and Procedural Background

On May 25, 2010, Petitioner was indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On November 24, 2010, Petitioner pled guilty to this count. Petitioner was sentenced to a term of imprisonment of 151 months on February 10, 2011.

On July 18, 2011, Petitioner filed a pro se motion pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel. He argued in that motion that his trial counsel was ineffective because allegedly his (1) counsel did not go over the sentencing guidelines with him and his prior

convictions should not have been used to establish him as a career offender; (2) counsel rushed through the PSR and did not tell him enough about his criminal history; and (3) counsel reported and showed a career offender record to the U.S. Attorney. The Court denied Petitioner's motion finding that Petitioner had no valid claim based on the record before the Court and denied a certificate of appealability ("COA").

Petitioner then sought a COA from the Tenth Circuit Court of Appeals. The Tenth Circuit also denied Petitioner's request. Petitioner only discussed one of his ineffective assistance claims, but the Tenth Circuit found it to be without merit and with no support in the record.

On May 18, 2016, Petitioner filed a second Motion to Vacate pursuant to § 2255 after receiving authorization from the Tenth Circuit to do so. In this motion, he asserted that due to the U.S. Supreme Court's ruling in *Johnson v. United States*,[1] he no longer qualified as a career offender under the U.S. Sentencing Guidelines ("U.S.S.G.") § 4B1.2, and his sentence was unconstitutional. In 2017, the U.S. Supreme Court decided *Beckles v. United States*,[2] in which it held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause[,] [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[3] After the *Beckles* decision, the Government filed an unopposed motion to dismiss Petitioner's § 2255. The Court granted this motion and denied Petitioner's § 2255 motion.

On June 15, 2018, Petitioner filed his third § 2255 motion. In this motion, he requests to re-open his original 2011 motion on ineffective assistance of counsel. He claims that his counsel

---

[1] --- U.S. ---, 135 S. Ct. 2551 (2015).

[2] --- U.S. ---, 137 S. Ct. 886 (2017).

[3] *Id.* at 892.

was ineffective for failing to challenge a prior Oklahoma conviction as an eligible predicate offense under U.S.S.G. §§ 4B1.1. and 4B1.2.

## II. Analysis

Petitioner attempts to file a successive § 2255 motion as he clearly states that he seeks to re-open his previous (2011) § 2255 motion. His latest § 2255 motion brings up the same argument asserted in both his first and second § 2255 motions. He seeks to challenge his sentence arguing that a prior conviction should not have been used as a predicate offense to establish him as a career offender and his counsel was ineffective in failing to argue or recognize this point.

A prisoner must first obtain the Tenth Circuit's authorization to file a successive § 2255 motion.[4] When a successive § 2255 motion is filed without authorization, "the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."[5] A successive § 2255 motion is only authorized if it contains "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[6] In this case, Petitioner identifies neither. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization."[7] Because Petitioner does not have a potential meritorious claim, it is

---

[4] 28 U.S.C. §§ 2244(b)(3), 2255(h).

[5] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[6] *See* 28 U.S.C. §§ 2255(h)(1)-(2), 2244(b)(2)(A).

[7] *In re Cline*, 531 F.3d at 1252.

not in the interest of justice to transfer the matter to the Tenth Circuit. Accordingly, this Court must dismiss this motion for lack of jurisdiction because it does not have authority to hear a successive § 2255 motion.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a petitioner cannot appeal a final order in a proceeding under § 2255 unless a circuit justice or judge issues a COA.[8] A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[9] A petitioner satisfies this burden if he can demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[10] Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion for Relief under 28 U.S.C. § 2255 Petitioning to Reopen Original § 2255" (Doc. 50) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Modify (Doc. 54) and "Motion Requesting the Court Order Evidentiary Hearing or its Final Decision with 180 (180 day writ) and Request to Amend Original Motion (June 2018)" (Doc. 55) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 7th day of November, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] "Although § 2253(c) speaks of a 'circuit justice or judge' issuing a COA, a district judge may also rule on an application for COA." *United States v. Higley*, 726 F. App'x 715, 716 n.1 (10th Cir. 2017) (citing Fed. R. App. P. 22(b)(1)).

[9] 28 U.S.C. § 2253(c)(2).

[10] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).