# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 10-CR-10083-EFM

JOAL WILLIAM GOODWIN,

*Defendant.*

## MEMORANDUM AND ORDER

Petitioner Joal William Goodwin has filed a Motion to Withdraw Plea of Guilty (Doc. 70). In this motion, he seeks to reduce his sentence. The Court dismisses Petitioner's motion because it lacks jurisdiction.

### I. Factual and Procedural Background

The Court will only briefly set forth the factual and procedural background as it has been recounted in a previous order.[1] On May 25, 2010, Petitioner was indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On November 24, 2010, Petitioner pleaded guilty to this count. Petitioner was sentenced to a term of imprisonment of 151 months on February 10, 2011.

---

[1] Doc. 60.

On July 18, 2011, Petitioner filed a pro se motion pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel. The Court denied Petitioner's motion finding that Petitioner had no valid claim based on the record before the Court and denied a certificate of appealability ("COA"). Petitioner then sought a COA from the Tenth Circuit Court of Appeals. The Tenth Circuit also denied Petitioner's request.

On May 18, 2016, Petitioner filed a second Motion to Vacate pursuant to § 2255 after receiving authorization from the Tenth Circuit to do so. After the *Beckles v. United States* decision,[2] the Government filed an unopposed motion to dismiss Petitioner's § 2255. The Court granted this motion and denied Petitioner's § 2255 motion.

On June 15, 2018, Petitioner filed his third § 2255 motion. In this motion, he requested to re-open his original 2011 motion on ineffective assistance of counsel. He claimed his counsel was ineffective for failing to challenge a prior Oklahoma conviction as an eligible predicate offense under U.S.S.G. §§ 4B1.1. and 4B1.2. The Court found that Plaintiff's successive § 2255 motion was filed without authorization and dismissed it for lack of jurisdiction. In addition, the Court denied Petitioner a COA. The Tenth Circuit also denied Petitioner's request.

Petitioner then sought authorization from the circuit to file a successive § 2255 motion. In the Tenth Circuit's order denying Petitioner's request, the circuit summarized Petitioner's first claim by stating that "[Petitioner] argues that his trial counsel provided ineffective assistance by failing to challenge the validity of a prior conviction used to enhance his sentence and by failing

---

[2] --- U.S. ---, 137 S. Ct. 886 (2017).

to submit [Petitioner's] mental health records in support of the sentencing memorandum that counsel filed seeking a downward variance."[3]

Petitioner is again before this Court. He has filed a "Motion to Withdraw Plea of Guilty." In this motion, Petitioner again asserts that his counsel was ineffective. He asserts that his counsel was incorrect on his career offender status and that his counsel failed to argue that his mental health warranted a downward departure. Petitioner requests, among other things, release from prison and to be re-sentenced to zero months.

## II. Analysis

Petitioner attempts to file another successive § 2255 motion.[4] His latest motion brings an ineffective assistance claim and he asserts the same argument that he did in his previous three motions. He seeks to challenge his sentence arguing that a prior conviction should not have been used as a predicate offense to establish him as a career offender and his counsel was ineffective in failing to argue or recognize this point. In addition, he seeks to argue that his counsel was ineffective in not seeking a downward departure due to his mental health.

A prisoner must first obtain the Tenth Circuit's authorization to file a successive § 2255 motion.[5] When a successive § 2255 motion is filed without authorization, "the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under

---

[3] Doc. 69, at 2.

[4] Petitioner's motion is entitled, "Motion to Withdraw Guilty Plea and Plea Agreement." It does not matter how the Petitioner characterizes his motion. "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (citation omitted). Here, he seeks to vacate or set aside his sentence.

[5] 28 U.S.C. §§ 2244(b)(3), 2255(h).

§ 1631, or it may dismiss the motion or petition for lack of jurisdiction."[6] A successive § 2255 motion is only authorized if it contains "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[7] In this case, Petitioner identifies neither. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization."[8] Because Petitioner does not have a potential meritorious claim, it is not in the interest of justice to transfer the matter to the Tenth Circuit. Furthermore, the Circuit *has already denied* Petitioner the authorization to file a successive § 2255 motion on these same grounds. Accordingly, this Court must dismiss this motion for lack of jurisdiction because it does not have authority to hear a successive § 2255 motion.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a petitioner cannot appeal a final order in a proceeding under § 2255 unless a circuit justice or judge issues a COA.[9] A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[10] A petitioner satisfies this burden if he can demonstrate "reasonable jurists would find the district

---

[6] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[7] *See* 28 U.S.C. §§ 2255(h)(1)-(2), 2244(b)(2)(A).

[8] *In re Cline*, 531 F.3d at 1252.

[9] "Although § 2253(c) speaks of a 'circuit justice or judge' issuing a COA, a district judge may also rule on an application for COA." *United States v. Higley*, 726 F. App'x 715, 716 n.1 (10th Cir. 2017) (citing Fed. R. App. P. 22(b)(1)).

[10] 28 U.S.C. § 2253(c)(2).

court's assessment of the constitutional claims debatable or wrong."[11] Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion to Withdraw Guilty Plea and Plea Agreement" (Doc. 70) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of January, 2020.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).