# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 10-10083-01-EFM

JOAL GOODWIN,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Joal Goodwin's Motions for Release from Custody (Docs. 75, 81). He seeks early release from prison due to mental health issues, physical ailments, and the COVID-19 pandemic. The government opposes Defendant's motions. For the reasons stated in more detail below, the Court denies Defendant's motions.

### I.     Factual and Procedural Background

On November 24, 2010, Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). On February 10, 2011, Defendant was sentenced to 151 months' imprisonment.

Defendant is 46 years old, and he is currently incarcerated at Allenwood USP. There have been 131 positive cases in the facility in which Defendant is housed, and no inmates have died.[1]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 12, 2021).

Currently, there are 92 active inmate cases, 25 active staff cases, and one pending inmate test. Defendant's projected release date is August 4, 2022.

On June 1, 2020, Defendant filed a pro se motion seeking compassionate release. Defendant was appointed counsel, and his counsel filed an amended motion to reduce his sentence on September 11, 2020. He requests a reduction to time served stating that due to mental health conditions, and other multiple underlying health conditions, he is more susceptible to severe complications should he contract COVID-19 in prison.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

---

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.  Analysis

Defendant seeks early release based on mental health concerns, underlying physical health conditions, and the spread of COVID-19 in prison. The government asserts that Defendant is not an appropriate candidate for early release.

**A.  Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden several times, with his latest request dated October 20, 2020.[7] The Warden denied his requests on May 20 and October 23, 2020. More than thirty days

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[7] On October 21, 2020, Defendant filed an unopposed motion requesting a stay of proceedings so that Defendant could file another request for compassionate release with the Warden (Doc. 84). Defendant stated that he previously requested release from the Warden based on his mental-health needs and the lack of mental health treatment. He filed an amended request for compassionate release with the Warden based also on his underlying medical conditions and the risk of complications from COVID-19. The Court stayed the proceedings so that Defendant could first request release from the Warden and 30 days could lapse. *See* 18 U.S.C. § 3582(c)(1)(A) (noting

have passed since Defendant requested compassionate release from the Warden, and the government concedes that Defendant meets the exhaustion requirement. Thus, the Court will proceed to determine the merits of Defendant's motion.

**B.     Extraordinary and Compelling Reasons**

Defendant next asserts that his mental health and underlying medical conditions, coupled with the outbreak of COVID-19 in prison, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Defendant suffers from emphysema, asthma, chronic Hepatitis C, and bipolar disorder.[8] One condition, asthma, is listed by the Centers for Disease Control and Prevention ("CDC") as one that might be at an increased risk of severe illness.[9] Emphysema, Hepatitis C, and bipolar disorder are not listed at increased risk. Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, he does not show a relatively high risk. Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**C.     Section 3553(a) Factors**

---

that a district court can only consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.").

[8] He may also have sleep apnea.

[9] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 12, 2021). The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical condition of asthma in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.

Finally, the Court considers whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[10] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11]

Defendant pleaded guilty to bank robbery. The sentencing guideline range was 151 to 188 months based on Defendant's career offender status.[12] The Court sentenced Defendant to the low end of the range, 151 months. Defendant asserts that he would not qualify for career offender status and would not be subject to the same sentencing scheme today. Instead, because he would not be considered a career offender, his guideline sentence would be 57 to 71 months.[13] Thus, he contends that he has adequately been punished.

At this point, Defendant has served approximately 85 percent of his sentence. The Court remains convinced that 151 months is the appropriate sentence although Defendant would no longer qualify for this sentence today. Defendant committed the serious offense of bank robbery,

---

[10] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[11] 18 U.S.C. § 3553(a).

[12] Defendant was deemed a career offender under Section 4B1.1 of the United States Sentencing Guidelines for burglary and criminal threat.

[13] The fact that Defendant would not be subject to the same sentencing scheme does not appear to be a proper basis for a sentence reduction under § 3582(c)(1)(A). *See United States v. Pullen*, 2020 WL 4049899, at *8 (D. Kan. 2020) (noting that the court would not reach the issue of whether a sentencing disparity may warrant relief under § 3582(c)(1)(A)). However, should the defendant establish other extraordinary and compelling circumstances warranting release, the sentencing disparity may be relevant to the § 3553(a) factors. *Id.* The Court notes that Defendant has also filed numerous § 2255 motions (at least five) seeking to reduce his sentence on grounds that burglary should not be used as an offense to establish him as a career offender or seeking to withdraw his guilty plea. *See* Doc. 87 (noting Defendant's previous § 2255 motions and again denying him permission to file a successive § 2255). All of Defendant's motions have been denied.

and he had prior criminal offenses. Furthermore, Defendant's prison record is far from ideal. Indeed, he has numerous violent and self-harming acts while incarcerated. He assaulted another inmate in late 2019, and his most recent acts of self-harm occurred in February and March of 2020. Thus, it appears that Defendant remains a threat to the public. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. The Court finds that the 151-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court concludes that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release from Custody (Doc. 75) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Reduce Sentence – First Step Act (Doc. 81) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE